**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: Rocio Tena | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Transworld Systems, Inc. | ) | |
| 500 Virginia Drive, Suite 514 | ) | |
| Ft. Washington, PA 19034 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Rocio Tena, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Account Control Technology, Inc. (hereinafter "ACT"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The Seventh Circuit Court of Appeals stated in *Millver v. McCalla, Raymer, Padrick, Cobb, Nichols & Carlk, LLC.*, 214 F.3d 872, 875 (7th Cir. 2000), that the FDCPA requires a debt collector to state "the amount of the debt" that they are trying to collect.

3. The Court in *Miller* spelled out safe harbor language for collecting debts that are accuring interest or other fees after the date of the initial dunning letter. Id.

4. Following Miller, the Seventh Circuit Court of Appeals stated in *Chuway v. Nat. Action Services*, 362 F. 3d 944 (7th Cir. 2004), stated that if a Debt Collector is "trying to collect the listed balance plus the interest running on it or other charges, he should use the safe harbor language of *Miller:* As of the date of this letter, you owe $___[the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment

may be necessary after we receive your check, in which event we will inform you before depositing the check for collection  For further information, write the undersigned or call 1-800-[phone number]." *Id.*

5. Said case stated "[T]o satisfy Section 1692g(a), the debt collector's notice must state the required information 'clearly enough that the receipient is likely to understand it.'" *Id.*

6. If an initial dunning letter fails to disclose the required information clearly, it violates the FDCPA, without further proof of confusion.  *Id.*

## JURISDICTION AND VENUE

7. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

8. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

9. Plaintiff, Rocio Tena (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

10. Plaintiff is a resident of the State of Illinois

11. Defendant, Transworld Systems, Inc. ("Defendant"), is a Pennsylvania business entity with an address of 500 Virginia Drive, Suite 514, Ft. Washington, PA 19034 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

12. Unless otherwise stated herein, the term "Defendant" shall refer to Transworld Systems, Inc.

13. At some point, the original creditor, transferred this debt to Defendant for debt collection.

14. The type of debt being collected upon was for a student loan.

## **ALLEGATIONS**

15. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor") for student loans
16. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
17. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
18. On or about June 6, 2018, Plaintiff received an initial demand letter from Demand. See Exhibit A.
19. Said letter stated that the balance was $13,579.13. See Exhibit A.
20. Said letter provided a breakdown of this balance and it was based entirely of principle with the creditor. See Exhibit A.
21. The letter states, immediately after revealing what is due, "[C]ollection costs are charged in accordance with Federal Regulation 34 CFR 682.410(b)(2)." See Exhibit A.
22. As previously stated in paragraph 20 and 21, the entire balance that Defendant appears to be seeking at this point is $13,579.13.
23. However, the statement in paragraph 22, by Defendant, combined with a reading of the text of said regulation is that Defendant is currently seeking an additional amount of money in collection costs, including: "collection agency charges."
24. It is more puzzling to Plaintiff that said letter states "[T]he account balance will be periodically increased due to the addition of interest, as permitted by applicable law." See Exhibit A.
25. The Plaintiff is unclear as to whether the amount being sought by Defendant is the Principal of $13,579.13 or something more as suggested by Defendant in the statement it used in paragraph 22 of this Complaint.
    **VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**
26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendant's conduct violated 15 U.S.C. Section 1692g by failing to make clear the amount Plaintiff owes the Defendant.

### STANDING AND INJURY

28. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
29. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
31. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

### JURY DEMAND

32. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

33. Plaintiff demands the following relief:

> WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
> (1) Statutory damages;
>
> (2) Attorney fees, litigation expenses and costs of suit; and
>
> (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff