# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROCIO TENA, <br><br> Plaintiff, <br><br> v. <br><br> TRANSWORLD SYSTEMS, INC., <br><br> Defendant. | No. 18 CV 4144 <br><br> Judge Manish S. Shah |

### ORDER

Defendant's motion to dismiss, [12], is granted. The complaint is dismissed with prejudice. Enter judgment and terminate civil case.

### STATEMENT

Plaintiff Rocio Tena brings a Fair-Debt-Collection-Practices-Act claim against defendant Transworld Systems, Inc. stemming from a debt-collection letter Transworld sent to Tena. The letter said, in part, "[c]ollection costs are charged in accordance with Federal Regulation 34 CFR 682.410(b)(2). Payments are applied in accordance with Federal Regulation 34 CFR 682.404(f)." [1-1]. It went on to note, "[t]he account balance will be periodically increased due to the addition of accrued interest, as permitted by applicable law." *Id*. The letter listed the total balance due on Tena's account as $13,597.15. *Id*. It also included a breakdown of that amount, which included principal, interest, and collection fees for each of Tena's four loans. *Id*. Tena alleges that from the letter it was unclear whether Transworld sought only the $13,597.15 or whether it sought additional interest or collection fees. Transworld moves to dismiss.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) a complaint must contain factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). All reasonable inferences are drawn in favor of the non-movant, but "written exhibits attached to the complaint may

trump contradictory allegations." *Squires-Cannon v. Forest Preserve Dist. of Cook Cnty.*, 897 F.3d 797, 802 (7th Cir. 2018).

The FDCPA, 15 U.S.C. §§ 1692 *et seq.*, requires that a debt collector include "the amount of the debt" that it is trying to collect when sending a collection letter to the debtor. § 1692g(a)(1); *Chuway v. Nat'l Action Financial Servs., Inc.*, 362 F.3d 944, 946–47 (7th Cir. 2004). To state a claim under § 1692g, a plaintiff must allege either that the required information was not communicated or that it was provided in a confusing manner. *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). Because "confusion is a fact-based question, dismissal is typically not available under 12(b)(6)." *Id.* at 759. That said, "there will be occasions when a district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision." *Id.* at 760. Dismissal is appropriate only in "cases involving statements that plainly, on their face" are not confusing. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018). And "as a matter of law, [a court] shall not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation" of the allegedly confusing statement. *McMillan*, 455 F.3d at 758.

A letter violates § 1692g when a significant fraction of the population would be misled by it. *Id.* The Seventh Circuit has provided debt collectors with a safe-harbor provision that can be used to ensure compliance when the amount of debt varies day-to-day. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872, 876 (7th Cir. 2000) ("As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number].") Though the quoted language is one example of how to properly disclose the amount of debt owed, strict adherence to the *Miller* language is not required. *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 680 (7th Cir. 2007). It is compliance with the statute, and not with *Miller*, that matters. *Id.* A statement is consistent with the Act if "[n]o reasonable person could conclude that the statement . . . does not inform the debtor of the amount due." *Miller*, 214 F.3d at 876.

Transworld's letter satisfies the unsophisticated consumer standard and fulfills the requirements of § 1692g(a)(1). It states the balance due and illustrates the

2

breakdown of principal, interest, and collection fees for each loan. An unsophisticated consumer would understand that the balance owed encompassed all those charges and included all charges in effect as of the date the letter was sent. *See id.* at 875–76 ("[S]tate the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent."). That the letter also indicated that interest would continue to accrue is consistent with the safe-harbor language from *Miller* and would not confuse the unsophisticated consumer. *See Taylor v. Cavalry Inv., LLC*, 365 F.3d 572, 574–75 (7th Cir. 2004). Similarly, the statement that collection costs are charged in accordance with federal regulations is consistent with the breakdown of charges, which showed that the balance due included collection costs. Transworld provided the citation to the applicable federal regulation, but no outside research was required for the unsophisticated consumer to understand that the amount due included all collection costs that had already accrued. The FDCPA requires that Transworld state the amount due as of the date of the communication. It does not require that Transworld disclose whether additional costs may accrue in the future if the debt goes unpaid. Nothing about the letter suggested that additional collection fees had already accrued. The unsophisticated consumer would not be left wondering if the list of charges was incomplete.

Tena has failed to state a FDCPA claim based on Transworld's letter. Leave to amend a complaint should be freely given. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015). But because Tena's claim depends entirely on the letter, and because the letter on its face would not confuse to the unsophisticated customer, amendment would be futile and dismissal with prejudice is appropriate.

ENTER:

Date:   December 18, 2018

Manish S. Shah
U.S. District Judge